UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE REGIDOR,

    Plaintiff,

v.                                        Case No. 8:08-cv-753-T-24MAP

ASCENSION AUTO SERVICE, INC.
and ROBFLETCH, INC. d/b/a
Professional Towing,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Partial Summary Judgment. (Doc. No. 25). Defendants oppose the motion. (Doc. No. 33).

**I. Standard of Review**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id. (citation omitted).

## II. Background

Plaintiff was employed as a tow truck driver for Defendants from August of 2006 through January of 2008. During his employment, Plaintiff was only paid a commission. As a result, Plaintiff contends that Defendants violated the Fair Labor Standards Act ("FLSA") and Florida's minimum wage provision during certain weeks of his employment.

On March 14, 2008, Plaintiff filed suit against Defendants, asserting three claims: (1) violation of Florida's minimum wage law, (2) violation of the FLSA by failing to pay him overtime, and (3) violation of the FLSA due to improper payroll deductions. In the instant motion, Plaintiff seeks partial summary judgment on his claims for violations of Florida's minimum wage law and the FLSA's overtime provision.

## III. Motion for Partial Summary Judgment

In his motion, Plaintiff seeks summary judgment on the following issues: (1) that he worked a minimum of seventy-two hours per week during his employment with Defendants; (2) that he was entitled to overtime compensation and was not exempt under the FLSA; (3) that Defendants failed to pay him the applicable federal and Florida minimum wage for two of the weeks that he worked for them; and (4) that he is entitled to liquidated damages, attorneys' fees, and costs under the FLSA. However, as explained below, there are genuine issues of material fact that preclude summary judgment.

### A. Hours Worked

Plaintiff argues that the undisputed evidence shows that he worked a minimum of seventy-two hours per week during his employment with Defendants. In support of this argument, Plaintiff has submitted an affidavit in which he states that he was scheduled to work,

and did work, from 7:00 a.m. to 7:00 p.m. six days per week. (Doc. No. 26). Additionally, Plaintiff states that Defendants did not maintain records of the actual hours that he worked, and as such, Defendants cannot dispute his calculation of the hours that he worked.

Plaintiff is correct that if Defendants do not maintain adequate records of the hours that he worked, as required by the FLSA[1], the burden on him for proving the number of hours that he worked is relaxed.[2] See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946), *superceded by statute on other grounds as stated in* Bonilla v. Baker Concrete Construction, Inc., 487 F.3d 1340, 1344 n.6 (11th Cir. 2007). The Supreme Court has explained the burden-shifting approach that is used when an employer fails to maintain adequate records:

> In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negat[e] the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

Id. at 687-88; see also Olivas v. A Little Havana Check Cash, Inc., 324 Fed. Appx. 839, 844 (11th Cir. 2009).

In the instant case, Defendants dispute Plaintiff's assertion that they failed to maintain adequate records documenting the hours that he worked. However, Defendants admit that they do not keep daily time logs for each driver, and they refer to their records generally, without

---

[1] 29 U.S.C. § 211(c)

[2] The Court notes that pursuant to Article 10, Section 24 of Florida's Constitution, case law developed under the FLSA guides the construction of Florida's minimum wage laws.

submitting all of the records to the Court to review.³ (Doc. No 32: Gentry affidavit, ¶ 5, 7). This response, alone, is not sufficient to preclude summary judgment.

However, Defendants also state that Plaintiff was not required to work during his entire twelve-hour shift. Instead, Defendants state that tow truck drivers are simply on-call during their shifts, and drivers are free to engage in personal tasks while waiting to receive a tow request. (Doc. No 32: Gentry affidavit, ¶ 6). As such, Defendants contend that Plaintiff is not deemed to be working during his entire twelve-hour shift, and instead, he is only working during those times when he is responding to a tow request or tagging cars.

Under the FLSA, time spent on-call for an employer is not always compensable:

> The question of whether the employees are working during this time for purposes of the FLSA depends on the degree to which the employee may use the time for personal activities. This question has been formulated as whether the time is spent predominately for the employer's benefit or for the employee's. This question is dependent upon all the circumstances of the case.

Birdwell v. City of Gadsen, Alabama, 970 F.2d 802, 807 (11th Cir. 1992)(internal quotation marks and citations omitted). Furthermore, "an employee's free time must be severely restricted for [on-call time] to be construed as work time for purposes of the FLSA." Id. at 810.

Defendants submitted evidence that during drivers' shifts, very few restrictions are imposed on them. (Doc. No 32: Gentry affidavit, ¶ 6). Defendants explain that the restrictions that are imposed include a prohibition against drivers drinking alcoholic beverages during their

---

³Defendants also appear to argue that they do not have better records of Plaintiff's time due to Plaintiff failing to record his time. However, Defendants are not excused from the FLSA's requirement that they create and preserve records that show the hours worked by their employees by delegating this function to their employees. See Bozeman v. Port-O-Tech Corp., 2008 WL 4371313, at * 13 (S.D. Fla. Sept. 19, 2008)(citing Wirtz v. Mississippi Publisher's Corp., 364 F.2d 603, 607 (5th Cir. 1966)).

4

shifts (in order to avoid drivers drinking and driving) and a requirement that drivers respond to a tow request within thirty minutes. (Doc. No 32: Gentry affidavit, ¶ 6). However, Defendants point out that drivers can go to the movies, go out to dinner, or stay at home with their families while waiting for a tow request. (Doc. No 32: Gentry affidavit, ¶ 6). Furthermore, Plaintiff has admitted to picking up his daughter from aftercare and driving her home Monday through Friday during his shift. (Plaintiff's June 9, 2009 depo: Doc. No. 39, p. 16-17). As such, Defendants argue that the fact that Plaintiff was on-call for seventy-two hours a week, by itself, is not a sufficient basis for finding that all seventy-two hours each week were compensable. See, e.g., Bright v. Houston Northwest Medical Center Survivor, Inc., 934 F.2d 671 (5th Cir. 1991)(finding that the entire time spent on-call was not compensable, because the employee was not required to spend the on-call time on the employer's premises and could freely go wherever he wanted while on-call, subject only to the restrictions of never being intoxicated, always being reachable by beeper, and always being able to arrive within twenty minutes of being reached). This Court agrees with Defendants.

"Whether a certain set of facts and circumstances constitute work for purposes of the FLSA is a question of law." Birdwell, 970 F.2d at 807. Defendants have submitted evidence showing that tow truck drivers are not required to spend the entire time that they are on-call engaging in activities for Defendants' benefit. Plaintiff, however, did not specifically address how he spent his on-call time in his motion for summary judgment, and as a result, a question of fact remains as to the degree in which Plaintiff used such time for personal activities. At trial, the evidence may show that Plaintiff spent his on-call time predominantly for Defendants' benefit, but based on the limited record before the Court and given that the Court must construe

5

the facts in the light most favorable to Defendants, this Court cannot find as a matter of law at this time that Plaintiff's entire twelve-hour shift consists of compensable time. As such, summary judgment on the issue of the number of hours that Plaintiff worked is not appropriate, and the Court denies Plaintiff's motion on this issue.

### B. Commission Exemption

Next, Plaintiff argues that the undisputed evidence shows that he was entitled to overtime compensation and was not exempt under the FLSA. Specifically, Plaintiff argues that he is entitled to overtime compensation for the weeks of August 23 - 29, 2007 and September 20 - 26, 2007. Defendants disagree, arguing that Plaintiff is an exempt employee.

Defendants bear the burden of proving the applicability of an FLSA exemption by clear and affirmative evidence. See Klinedinst v. Swift Investments, Inc., 260 F.3d 1251, 1254 (11th Cir. 2001). Defendants argue that the commission exemption set forth in 29 U.S.C. § 207(i) applies and exempts Plaintiff from the FLSA's overtime provisions.

The commission exemption provides the following:

> No employer shall be deemed to have violated [the overtime provisions of the FLSA] . . . by employing any employee of a . . . service establishment for a workweek in excess of [40 hours] . . . if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under [the FLSA] . . . and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

29 U.S.C. § 207(i). As such, Defendants have the burden of showing that both elements are met.

There is no dispute that the second element is met, as Plaintiff agrees that he was paid solely on a commission basis. As such, whether Plaintiff is exempt depends on whether his regular rate of pay was in excess of one and one-half times the minimum hourly rate under the

6

FLSA during the two weeks at issue. The minimum hourly rate under the FLSA at that time was $5.85, and as such, one and one-half times that rate is $8.78. Therefore, Plaintiff is exempt if his regular rate of pay was at least $8.78 per hour during the weeks at issue.

For the week of August 23 - 29, 2007, Plaintiff was paid $315.70. Plaintiff's regular rate of pay for that week is determined by dividing his total compensation for that week ($315.70) by the number of hours that he worked. See Klinedinst, 206 F.3d at 1256. However, since the Court previously explained that there is a genuine issue of material fact regarding the number of hours that Plaintiff worked[4], the Court cannot determine Plaintiff's regular rate of pay for the week. As such, the Court cannot determine whether Plaintiff's regular rate of pay that week was at least equal to $8.78, which means that the Court cannot determine whether Plaintiff was exempt for the week of August 23 - 29, 2007 at this time.[5]

For the week of September 20 - 26, 2007, Plaintiff was paid $399.40. However, as previously stated, there is a genuine issue of material fact regarding the number of hours that Plaintiff worked, and as such, this Court cannot determine Plaintiff's regular rate of pay for the week of September 20 - 26, 2007. Therefore, the Court cannot determine whether Plaintiff's regular rate of pay that week was at least equal to $8.78, which means that the Court cannot

---

[4]Additionally, the Court notes that Defendants submitted evidence showing that during the week of August 23 - 29, 2007, Plaintiff did not work two of the six days (August 24th and 25th), he left early on August 26th, and he came in late on August 29th. (Gentry affidavit: Doc. No. 37, ¶ 9).

[5]If Plaintiff worked 36 hours or more during the week of August 23 - 29, 2007, then his regular rate of pay for that week would be less than $8.78, and he would not be exempt under the commission exemption for that week.

determine whether Plaintiff was exempt for the week of September 20 - 26, 2007 at this time.[6]

Accordingly, factual issues remain that preclude the determination of whether Plaintiff is exempt under the commission exemption of the FLSA. As such, the Court denies Plaintiff's motion on the issue of entitlement to overtime compensation.

### C. Minimum Wage

Next, Plaintiff argues that the undisputed evidence shows that Defendants failed to pay him the applicable Florida minimum wage for two of the weeks that he worked for them.[7] Specifically, Plaintiff identifies the weeks of August 23 - 29, 2007 (for which he was paid $315.70) and September 20 - 26, 2007 (for which he was paid $399.40). The Florida minimum wage rate during those weeks was $6.67 per hour.[8]

However, as previously stated, there is a genuine issue of material fact regarding the number of hours that Plaintiff worked. As such, the Court cannot determine at this time whether Plaintiff's hourly rate during the two weeks at issue was less than Florida's minimum wage rate.[9]

---

[6] If Plaintiff worked 46 hours or more during the week of September 20 - 26, 2007, then his regular rate of pay for that week would be less than $8.78, and he would not be exempt under the commission exemption.

[7] Plaintiff also argues that Defendants did not pay him the applicable minimum wage rate under the FLSA during that time. However, he does not make an unpaid minimum wages claim under the FLSA in his complaint; he only asserts such a claim under Florida's minimum wage law. As such, this Court will not consider the arguments that he made in his motion for summary judgment relating to unpaid minimum wages under the FLSA.

[8] http://www.dol.gov/esa/whd/state/stateMinWageHis.htm

[9] The Court notes that for the week of August 23 - 29, 2007 (for which he was paid $315.70), if Plaintiff worked 47.5 hours or more that week, then he was paid less than Florida's minimum wage rate for that week. Likewise, for the week of September 20 - 26, 2007 (for which he was paid $399.40), if Plaintiff worked 60 hours or more that week, then he was paid less than Florida's minimum wage rate for that week

Therefore, the Court denies Plaintiff summary judgment on this issue.

### D. Liquidated Damages, Attorneys' Fees and Costs

Next, Plaintiff argues that he is entitled to liquidated damages, attorneys' fees, and costs under 29 U.S.C. § 216(b) of the FLSA. However, in order to be entitled to such, he must first show that Defendants violated the overtime provision of the FLSA. As the Court has denied Plaintiff summary judgment on his claim that Defendants violated the FLSA's overtime provision, he has not shown that he is entitled to liquidated damages, attorneys' fees, and costs at this time. As such, the Court denies his motion for summary judgment on this issue.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Partial Summary Judgment (Doc. No. 25) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 27TH day of August, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record